**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

---

THE HERSHEY COMPANY,

    Plaintiff,

v.

HOTTRIX LLC,

    Defendant.

---

CIV. NO. *1:CV-10-1178*

**FILED**
HARRISBURG, PA

JUN - 2 2010

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

## COMPLAINT

Plaintiff The Hershey Company ("Hershey"), for its complaint against defendant Hottrix LLC ("Hottrix"), states as follows:

1. This is an action for a declaratory judgment of non-infringement arising out of the attempts of Hottrix to effectively claim the exclusive right to the *idea* of an iPhone application or video depicting a virtual "glass" of milk that the user can pretend to "drink" from his or her iPhone, and to prevent Hershey from distributing its HERSHEY'S® Chocolate Milk iPhone application that expresses the unprotectable idea of a virtual "glass" of milk in a way that is not substantially similar to the protectable expression, if any, contained in Hottrix's iPhone application for a virtual "glass" of milk.

2. As set forth herein, Hottrix claims copyright in its "iMilk" video application for iPhone, and has asserted that Hershey's HERSHEY'S Chocolate Milk iPhone application infringes Hottrix's copyright, although it cannot identify any protectable expression that Hershey

allegedly has copied. Hershey, which independently developed its iPhone application, seeks a declaratory judgment that its application does not infringe any copyright of Hottrix.

## PARTIES

3. Hershey is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 100 Crystal A Drive, Hershey, Pennsylvania 17033. Hershey is a well-known manufacturer and seller of chocolate and confectionery candy and chocolate-related grocery products. Among Hershey's well-known products is its chocolate-flavored HERSHEY'S® SYRUP, which is sold under the famous HERSHEY'S® trademark and is widely sold to and used by consumers for making chocolate milk.

4. On information and belief, Hottrix is a corporation organized and existing under the laws of Nevada, with an address at 4528 W. Diablo Drive Unit C-109, Las Vegas, Nevada 89118. On information and belief, Hottrix is engaged in, *inter alia*, the business of creating and distributing applications for iPhones, Palm devices and other mobile computing and smartphone devices.

## JURISDICTION AND VENUE

5. This is an action for declaratory judgment of non-infringement of copyright under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Copyright Act, 17 U.S.C. §§ 101 *et seq*. An actual and justiciable controversy exists between the parties concerning the non-infringement by Hershey of Hottrix's copyrights. Accordingly, subject matter jurisdiction for this declaratory judgment action is proper in this Court under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because defendant's products are distributed to and sold in this District and Hershey's challenged iPhone

application was developed by Hershey in the District and is disseminated in the District, because defendant does business in the District by selling or aiding in the selling of its iPhone applications and other products, and because defendant is subject to personal jurisdiction in the District.

## DECLARATORY JUDGMENT
## FOR NON-INFRINGEMENT

7. Plaintiffs incorporate and re-allege the matters of paragraphs 1-6 above.

8. In October 2009, Hershey launched its HERSHEY'S Chocolate Milk iPhone application, a computer program using code that was independently created by and on behalf of Hershey, which permits the user to "virtually" add Hershey's Syrup to a virtual glass of milk on his or her iPhone, to mix the milk and syrup so as to create chocolate milk, to blow virtual "bubbles" in the chocolate milk (thereby making the sound of bubbling milk), and to "drink" the milk as if with a straw (creating a sound that the user hears), all on the video screen of the user's iPhone. The HERSHEY'S Chocolate Milk iPhone application is offered as a free download for iPhone users on the online iPhone "App Store" operated by Apple, the manufacturer of the iPhone.

9. On December 23, 2009, defendant sent a notice to Hershey in this District asserting that Hershey, through its HERSHEY'S Chocolate Milk iPhone application, infringed defendant's "iMilk" video (U.S. Copyright Reg. No. PA1-598-062) and iPhone application "iMilk 2.0." In fact, as set forth below, the HERSHEY'S Chocolate Milk iPhone application is not substantially similar to and does not infringe defendant's iMilk application.

10. Defendant further alleged that Hershey had created its HERSHEY'S Chocolate Milk iPhone application after seeking to license defendant's iMilk application, and falsely implied that Hershey had "take[n] the code" for defendant's iMilk application and modified it to

create the HERSHEY'S Chocolate Milk iPhone application. In fact, Hershey created its own code to make an iPhone application that, as set forth below, is not substantially similar to defendant's iMilk application.

11. In its December 23, 2009 letter, defendant demanded that Hershey cease use of its HERSHEY'S Chocolate Milk iPhone application and remove the application from Apple's App Store. More recently, after further discussions between the parties, Hottrix has again demanded that Hershey cease use of the HERSHEY'S Chocolate Milk iPhone application and Hershey has again refused.

12. Hottrix has expressly threatened to sue Hershey if the parties' dispute is not resolved soon, and has made it known to Hershey that it has sued other parties for alleged infringement of Hottrix's claimed copyright in various iPhone applications.

13. There is, thus, an actual controversy, and Hershey has reasonable apprehension that defendant will sue.

14. Hershey's creation and use of its HERSHEY'S Chocolate Milk iPhone application is not an infringement of Hottrix's rights in its iMilk application under the Copyright Act, 15 U.S.C. § 106, or any other law.

15. Hershey did not copy any computer code of Hottrix in creating the HERSHEY'S Chocolate Milk iPhone application. Hershey independently created its own code for its HERSHEY'S Chocolate Milk iPhone application.

16. Nor is there any substantial similarity between the parties' iPhone applications. Although both reflect the *idea* of using an iPhone screen to create a virtual milk drink, the actual execution of the HERSHEY'S Chocolate Milk iPhone application is very different than that of

the Hottrix applications, with numerous substantial differences in the actual expression of each application.

17. To take but a few examples, the Hershey application includes screen images of a HERSHEY'S Syrup container, a glass of milk being filled from the top, the chocolate syrup being squeezed from the HERSHEY'S Syrup container into the glass of milk, thereby creating a chocolate milk drink, the introduction of a spoon which stirs the chocolate milk, the introduction of a red and white straw (an element that has been featured on the label of the HERSHEY'S Syrup bottle for many years) to permit the virtual chocolate drink to be sipped by pressing the straw on the screen, which simultaneously creates a slurping sound (a sound which is amplified when the virtual glass of chocolate milk is nearly empty), the creation of bubbles in the drink by blowing into the iPhone mouthpiece (which results in a bubbling sound), and a closing shot of the HERSHEY'S Syrup container.

18. In contrast, none of the foregoing expressive elements is present in the Hottrix iMilk application, which has a very different appearance. Moreover, unlike the Hottrix application, the HERSHEY'S Chocolate Milk iPhone application "milk" cannot be "drunk" from the iPhone by tipping the phone (which is the only mechanism for drinking the milk in the Hottrix application), but can only be "drunk" by use of the virtual straw.

19. In addition, the HERSHEY'S Chocolate Milk iPhone application features distinctly different sounds from those of the Hottrix application, and the colors and textures and actual products used in the Hershey application are different from those used by Hottrix.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court enter judgment against defendant as follows:

A. An order be entered declaring that Hershey's creation and use of its HERSHEY'S Chocolate Milk iPhone application does not infringe any copyrights of or otherwise violate any claimed rights of Hottrix, and that there is no copyright infringement under 15 U.S.C. § 106 or any other law;

B. Awarding plaintiff costs and attorneys' fees as the prevailing party pursuant to 17 U.S.C. § 505; and

C. Granting such other and further relief as this Court may deem just and proper.

Dated: June 2, 2010

McNEES WALLACE & NURICK LLC

/Harvey Freedenberg/
Harvey Freedenberg
James J. Franklin
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
Telephone: (717) 237-5267
Facsimile: (717) 237-5300
*Attorneys for Plaintiffs*

*Of Counsel:*
KAYE SCHOLER LLP
Thomas A. Smart
Paul C. Llewellyn
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-6463